IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHANIE YRUEGAS (nee Stroud),

        Plaintiff,

v.                                                  CIV 04-866 KBM/LCS

JOHN VESTAL, individually, and
CLOVIS MUNICIPAL SCHOOLS,
a political subdivision,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING FEDERAL CLAIMS AS TIME-BARRED
## AND
## REMANDING REMAINING STATE CLAIMS

       Plaintiff ("Yruegas") was twenty-two years old when she commenced this action in state court against a former teacher/coach and her former school district. *See Doc. 1,* Exh. A. Her claims arise from alleged sexual abuse by the teacher when she was thirteen years old and the resulting pregnancy. In 1997, Defendant Vestal pled guilty of criminal sexual penetration of a minor for which he was sentenced to eighteen months imprisonment with all but eight months suspended. Plaintiff also alleges threatening behavior as well and more recent harassment and stalking. As compensatory damages, she seeks to recover for emotional distress. *See id.; see also Doc. 8,* Exh. 1.

       In addition to state claims against the teacher, Plaintiff seeks to hold both defendants liable under 28 U.S.C. § 1983. The state action was removed to this court based solely on the federal claims, since the parties are not diverse. *See Doc. 1* at 2; *id.,* Exh. A at ¶¶ 1-3.

Plaintiff and Defendants consented to have me serve as the presiding judge and enter final judgment pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b).  In lieu of an Answer, Defendants move to dismiss the federal claims as time-barred and to dismiss the state claims as barred by the New Mexico Tort Claims Act.  *See Doc. 3.*

## *I. Procedural Posture*

I have considered the matters outside of the Complaint, specifically the materials that Plaintiff submitted in response to Defendants' motion to dismiss.  As such, I am reviewing the matter in a summary judgment posture.  Ordinarily, that decision to convert the motion would require notice to the parties and rebriefing.[1]  I believe, however, that it is appropriate to enter my decision now without further notice and rebriefing.  Defendants ask that I not consider the extrinsic evidence, but also alternatively argue that even if I do so, the result is the same.  *See*

---

[1] Where, as here, a trial court has under consideration a motion to dismiss for failure to state a claim based on a statute of limitations, and there is matter outside the complaint which is presented to the court and not excluded, and in fact is to be taken into consideration by the court, the motion is to be deemed as a motion for summary judgment.  In such circumstance the trial court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56.  In this regard we do not deem mere argument contained in a memorandum in opposition to a motion to dismiss, such as Ohio filed in the instant case, to be the same as "material made pertinent" by a motion for summary judgment. The material made pertinent by Rule 56 includes such things as depositions, answers to interrogatories, admissions on file, affidavits, and the like. As above indicated, in the instant case there was no compliance with Rule 12(b) and Rule 56, and for that reason we must reverse. As we stated in Adams v. Campbell County School District, 483 F.2d 1351, 1353 (10th Cir. 1973), to treat a motion to dismiss as a motion for summary judgment without permitting the adverse party an opportunity to present pertinent material is error.

*State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454, 457 (10th Cir. 1978).

*Doc. 10* at 5. Under these circumstances, notice and rebriefing would only delay the inevitable disposition of this matter. For the same reason, I decline to strike the motion to dismiss for Defendants' failure to abide by the Court's local rule that requires movants to determine whether their motion is opposed before filing it. *See Doc. 8* at 2-3; *see also* D.N.M.LR-CIV. 7.1(a) ("Movant must determine whether a motion is opposed.").

## *II.  Summary Judgment Standard*

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## *III.  Analysis*

Having carefully reviewed the parties' submissions and relevant authorities, I am satisfied

that summary judgment should enter on the Section 1983 claims in favor of Defendants for the reasons stated in their briefs, and I incorporate those arguments and authorities herein by reference. *See Docs. 3, 10.* To that, I add a few observations.

The teacher's sexual abuse took place in 1996. *See Doc. 8,* Exh. A at ¶ 2. Although neither party so indicates, I assume that the teacher was no longer employed by the school district after his 1997 conviction.[2] Thus, there is no basis for me to find that the 1999 - 2004 incidents are included within the § 1983 claim. Rather, I find that Plaintiff's § 1983 claims against the defendants are based solely on the 1996 alleged misconduct.

Plaintiff's federal claims are timely only if something other than the three-year limitations period for personal injuries applies to her § 1983 claims. New Mexico law provides for several different statutes of limitation, *see generally* N.M. STAT. ANN. §§ 37-1-1, *et seq.,* including the familiar provision that minors' claims are tolled until they reach majority age, *id.,* § 37-1-10.

New Mexico also has a statute specifically addressing child abuse which Plaintiff asks me to apply here. It provides, in pertinent part, that actions "for damages based on personal injury caused by childhood sexual abuse shall be commenced by a person before the latest of the following dates:  (1) the first instant of the person's twenty-fourth birthday; or (2) three years from the date of the time that a person knew or had reason to know of the childhood sexual abuse

---

[2] The record before me supports this assumption. For example, Plaintiff's cause of action against the teacher under § 1983 is based on the premise that he was acting under color of law "*[d]uring the time* [he] was employed by Defendant Clovis Municipal Schools." *Doc. 1,* Exh. A at ¶ 19 (emphasis added). Furthermore, the other contact Plaintiff had with this Defendant in 1997 does not indicate that he had returned to teaching. *See Doc. 8,* Exh. 3. Plaintiff's affidavit explaining the more recent alleged stalking incidents in 1999, 2003, and 2004 contain no allegations that they were undertaken while Defendant Vestal was employed by the school district. *See Doc. 8,* Exh. 1 at ¶¶ 10-13.

and that the childhood sexual abuse resulted in an injury to the person, as established by competent medical or psychological testimony." *Id.,* § 37-1-30.  Indeed, this statute provides that a minor who knows about the abuse when it occurs and suffers physically and emotionally at that time, need not bring suit under § 37-1-30 until it is established in therapy that the childhood abuse is the actual cause of the psychological injury alleged.[3]

---

[3] Feil's psychological expert testimony interpreting Plaintiff's actions and statements is also necessary to determine when Plaintiff knew or had reason to know of the connection between the alleged abuse and the injuries he allegedly suffered.  Applying this statutory evidentiary standard, we cannot ignore Feil's testimony that, even though Plaintiff had some cognitive understanding and realization of the abuse and its effect upon him prior to February 5, 1994, Plaintiff did not finally pull it all together and realize the impact that the abuse had on his life until after February 5, 1994.  As we noted previously, Feil testified that "it's a process that unfolds for people."  Since Section 37-1-30(A)(2) requires expert testimony, facts alone are insufficient to determine when an individual knew or had reason to know of the connection between the abuse and the injury.

In support of his argument that Plaintiff had sufficient knowledge of the causal connection between the alleged abuse and injury prior to February 5, 1994, [the defendant] Dr. Sager cites to this Court's decision in *Martinez-Sandoval v. Kirsch,* 118 N.M. 616, 884 P.2d 507 (Ct. App.1994), a case that did not involve the special statute of limitations for childhood sexual abuse.  *See id.* at 618 n. 1, 884 P.2d at 509 n. 1.  In *Martinez-Sandoval,* we held that, in the case of a plaintiff who suffered alleged damages from venereal disease and pregnancy caused by the defendant, the statute of limitations began to run at the time the plaintiff realized that these substantial injuries were caused by that defendant's alleged misconduct.  *Id.* at 622, 884 P.2d at 513.  Dr. Sager points out that in *Martinez-Sandoval,* we held that "[t]he limitations period is not tolled simply because a plaintiff does not know the full extent of her injury; the statute begins to run once she knows or should know sufficient facts to constitute a cause of action." *Id.*  Although this is a correct recitation of the holding in that case, we believe that the factual context of that holding is different from the present case because *Martinez-Sandoval* addresses the general statute of limitations for torts resulting in physical injuries while in the present case we deal with a specialized statute that is particularly applicable to psychological injuries.

Nevertheless, it is well-settled that New Mexico's three-year **_general_** statute of limitations applies to all personal injury claims brought pursuant to § 1983.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("where state law provides multiple statutes of limitations for personal injury actions, courts considering 1983 claims should borrow the general or residual statute for personal injury actions.").  In *Wilson v. Garcia*, 471 U.S. 261 (1985) established this proposition as a "bright-line rule."  The Supreme Court held that this more general state of limitations applies to a Section 1983 claim even where the New Mexico Tort Claims Act provides a shorter limitations period expressly covering claims for "violations of constitutional rights."  *Id.* at 280.

Seeking to overcome this obstacle, Plaintiff contends that N.M. STAT. ANN. § 37-1-30 is not truly a statute of limitation, but a mere "tolling" principle.  As Plaintiff points out, state law

---

> In *Martinez-Sandoval,* we specifically stated that "regardless of whether [the plaintiff] knew or should have known of the severe psychological damage caused by [the defendant's] alleged misconduct, [the plaintiff] knew and should have known well before the limitations cutoff date that the alleged misconduct had caused her other substantial injury."  *Id.*  By other substantial injury, we were referring to the plaintiff's allegations that the defendant had transmitted a venereal disease to her and caused her to become pregnant.  *See id.* . . .
>
> In this case on appeal, Plaintiff does not allege any physical injury that should have led him to discover any psychological injury such as that set forth by the plaintiff in *Martinez-Sandoval.*  It appears that Plaintiff only bases a claim on the psychological damages that he claims Dr. Sager caused. We are not faced with the question of when Plaintiff knew or should have known of a physical condition that should have led him to discover his psychological condition, but rather when Plaintiff knew or should have known of the alleged psychological injury that is the basis for his claim and that the psychological injury was caused by Dr. Sager's alleged abuse.  Moreover, importantly, both Defendants rely solely on Section 37-1-30.  The holding of *Martinez-Sandoval,* therefore, does not apply to our analysis.

*Kevin J. v. Sager,* 128 N.M. 794, 797-98, 999 P.2d 1026, 1029-30 (N.M. App. 1999), *cert. denied,* 128 N.M. 688, 997 P.2d 820 (N.M. 2000).

6

controls "tolling" issues, and § 37-1-30 certainly seems to express a legislative intent to permit a child abuse victim to file an action beyond that usually permitted for personal injury victims. Despite the fact that such statutes have a tolling effect, however, the Tenth Circuit has followed Supreme Court precedent in rejecting such statutes as applicable to § 1983 claims. *See Blake v. Dickason,* 997 F.3d 749, 751 (10th Cir. 1993) (citing *Owens v. Okure,* 488 U.S. 235, 244 n. 8 (1989)). Indeed, the Tenth Circuit later characterized the very Colorado statute that *Blake* declined to find applicable to § 1983 actions as a "tolling" statute. *See Ayon v. Gourley,* 1999 WL 516088 at n.3 (10th Cir. 1999) (unpublished). More recently, a district in this circuit applied the same reasoning to a case involving Oklahoma's childhood sexual abuse limitations/tolling statute, holding that the personal injury statute of limitations and familiar minor-tolling provision were the only applicable statutes. *Nunley v. Pioneer Pleasant Vale School District # 56,* 190 F. Supp. 2d 1263, 1264-65 & n. 1 (W.D. Okla. 2002). In light of this binding and persuasive authority, I decline Plaintiff's invitation to incorporate a different statute of limitations for § 1983 actions that are predicated on childhood abuse.

It is plain both from Plaintiff's Complaint and her affidavit that the facts supporting her cause of action were "apparent" to her in 1996 – both as to the abuse and the resulting emotional damage.[4] *See Doc. 1,* Exh. A at ¶ 7; *Doc. 8,* Exh. 1 at ¶¶ 3, 5-6; *see also id.* Exh. 3. However, Yruegas asserts that her cause of action did not accrue until she discovered in counseling that her emotional injuries were the result of the teacher's sexual abuse. As noted above, however, § 37-1-

---

[4] Plaintiff's affidavit asserts that she did not know she could file a civil lawsuit at the time the events occurred and that the Assistant District Attorney who prosecuted the teacher indicated that was "all" she could do. *Doc. 8,* Exh. 1 at ¶ 7. She does not contend that this assertion is a basis for tolling the limitations period applicable to the *federal* claims. *See id.* at 4-5; *compare id.* at 8 (raising argument in context of New Mexico Tort Claims Act).

7

30 enables a minor to wait to bring suit alleging a ***state law claim*** until therapy establishes that the childhood abuse is the actual cause of the psychological injury alleged. "While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims." *Fratus v. DeLand*, 49 F.3d 676, 675 (10th Cir. 1995).

   Yruegas' allegations and sworn affidavit testimony demonstrate that she knew or should have known of the facts that would support the constitutional claims she now asserts. Plaintiff must have known Vestal's actions were wrongful because they subjected him to criminal penalties. Plaintiff acknowledges suffering from depression associated with the events of 1996-97. All of the undisputed material facts lead to a single conclusion - Plaintiff's federal cause of action accrued at least by 1997 and the birth of her child who she gave up for adoption.

   Plaintiff's federal claims are plainly time-barred and will be dismissed with prejudice. Because I have original jurisdiction over the federal claims, I also have supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. Having duly considered the arguments of counsel regarding the remaining state law claims, I will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c) (court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction" or if there is a "novel or complex issue of State law.").

   Wherefore,

   **IT IS HEREBY ORDERED AS FOLLOWS:**

   1.   Defendants' motion *(Doc. 3)* is construed as a motion for summary judgment and is GRANTED IN PART;

   2.   Plaintiff's § 1983 claims are dismissed as time-barred; and

3. The remaining claims are remanded to the Ninth Judicial District Court, County of Curry, State of New Mexico.  Pursuant to 28 U.S.C. § 1447(c), the Clerk shall certify a copy of this order of remand and mail it to the clerk of the state court, whereupon the state court may proceed with the case.

*[signature: Karen B Molzen]*
UNITED STATES MAGISTRATE JUDGE